■ Kerry Hinck, Respondent, v Craig Hinck, Appellant. [12 NYS3d 901]—Appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated May 4, 2012. The order, insofar as appealed from, granted that branch of the defendant's motion which was for an award of an attorney's fee only to the extent of awarding him the sum of $7,042.50.

Ordered that the order is modified, on the law, by increasing the award of an attorney's fee to the defendant from the sum of $7,042.50 to the sum of $33,759.36; as so modified, the order is affirmed, with costs to the appellant.

The defendant contends that the Supreme Court erred in awarding him an attorney's fee in the sum of only $7,042.50, upon concluding that any additional amount that he sought emanated from matters that were litigated in the Matrimonial Part of the Supreme Court and, therefore, any application for such fees would be more appropriately pursued in that Part.

The Supreme Court erred in awarding an attorney's fee in the sum of only $7,042.50 to the defendant, upon concluding that additional expenses incurred over and above that amount emanated from matters that were litigated in the Matrimonial Part, and that only a justice in that Part should entertain the defendant's request for reimbursement of those additional expenses. The statement of services and costs submitted by the defendant's attorney demonstrated that the subject fees arose from matters that were litigated in the instant action, and not

in the underlying matrimonial action, and that the subject fees are reimbursable to the defendant here regardless of the Part of the court in which any particular aspect of the action was litigated. However, although the statement of services and costs amounted to $44,421.44, the defendant's affidavit and the affirmation of his counsel, both of which were submitted in support of the motion, specifically requested an award of an attorney's fee in the sum of $33,759.36.

Accordingly, the Supreme Court should have awarded the defendant an attorney's fee in the sum of $33,759.36. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur. 